GULF REFINING COMPANY OF LOUISIANA *v.* HAIRE.

Opinion delivered January 9, 1928.

1. EXECUTORS AND ADMINISTRATORS—DISCHARGE OF ADMINISTRATOR—
   PARTIES.—Where one alleged to have caused the death of decedent,
   and against whom suit was about to be brought for decedent's
   death, moved in the probate court for vacation of an order
   discharging decedent's administrator, *held* that such person was
   not interested in the estate, being neither a debtor nor a creditor,
   so as to make him a proper party relative to the administrator's
   discharge.

2. JUDGMENT—MOTION TO SET ASIDE—PARTIES.—The courts will not
   set aside judgments at the instance of one who is neither a
   proper nor a necessary party to the controversy, and who has
   no interest in the judgment.

Appeal from Union Circuit Court, Second Division;
*W. A. Speer,* Judge; affirmed.

*Samp Jennings* and *R. E. Riley,* for appellant.

McHANEY, J. Appellant has correctly stated the
case as follows:

"Leander E. Haire, while employed by appellant, was
accidentally killed by a boiler explosion at Smackover.
The probate court of Union County appointed an admin
istrator of his estate, and approved a contract with
attorneys to prosecute an action against appellant for
the negligent killing. Thereafter, on petition of the father
of the deceased, the administrator was discharged, and
the father brought the action. Appellant moved in the
probate court to vacate the order discharging the admin-
istrator, on the ground that it had an interest in having
a personal representative who could give an acquittance
on settlement or make claims of all beneficiaries *res judi-
cata.* The probate court denied the motion, and the cir-
cuit court on appeal affirmed that decision. This is an
appeal from that judgment."

It is difficult to perceive what right appellant has
to complain of the action of the probate court in discharg-
ing the administrator it had theretofore appointed, or of
the action of the circuit court in affirming the judgment of
the probate court in refusing to set aside its order dis-

charging the administrator and his bondsmen. It does not claim to be a creditor of the estate of the deceased, nor does it admit that it is a debtor of said estate. If it admitted that it was indebted to said estate on account of the injury and death of the said intestate, and did not know to whom to make payment of the amount due it, it might be in a different situation. The administrator is not complaining of the order of the court discharging him, and neither are the attorneys with whom the administrator entered into a contract to prosecute a suit against appellant for damages for the injury and death of said intestate, which was approved by the court. It is true that the father has brought an action against appellant to recover for such damages. If he is not the proper person to maintain the action, all questions pertaining thereto may be raised in the trial of that case. All questions sought to be raised by this appeal may be properly raised on the trial of the case wherein J. T. Haire has brought suit against appellant for damages, but they cannot be raised here. It did not have such an interest in the appointment of an administrator, being neither a debtor nor a creditor, as justified the court in making it a party to the controversy. The courts will not set aside judgments at the instance of one who is neither a proper nor a necessary party to the controversy and has no interest in the judgment. But, since it was so made a party, and appealed to the circuit court, the action of the circuit court in affirming the judgment of the probate court is affirmed.