GOLIGHTLY, ADMR., *v.* NEW YORK LIFE INSURANCE CO.

4-5217                                           120 S. W. 2d 697.

Opinion delivered October 31, 1938.

*Alexander & Satterfield* and *B. J. Semmes,* for appellant.

*King, Taylor & King* and *Owens, Ehrman & McHaney,* for appellee.

SMITH, J. Appellants are the heirs-at-law of B. H. Golightly, to whom the New York Life Insurance Company, hereinafter referred to as the company, had issued a life insurance policy in the sum of $10,000, payable, upon the death of the insured, to his estate.

The insured died in June, 1935, and R. H. Golightly, one of the heirs, qualified as administrator of the estate of the deceased, and, under an order of the probate court, assigned a $250 interest in the policy to a resident of the state of New York, in which state the company has its home office. This sale was reported to and confirmed by the probate court; but the order of confirmation does not contain the recitals required by § 177, Pope's Digest, to make it impervious to collateral attack at the suit of a party having the right to call it in question.

The company filed in the circuit court a petition for certiorari, praying that the probate court judgment be brought before the circuit court for review, and that upon review the order of confirmation be quashed as showing, upon its face, that the sale of the $250 interest in the policy had not been made in conformity with the law regulating the sale of a decedent's personal property. The relief prayed was granted, from which judgment is this appeal.

The prayer for this relief did not allege that the company was a creditor or a distributee of the estate of the deceased; but it did allege that it was not a debtor. The petition for certiorari contains the following allegations upon that question: "By the terms of said policy, the cash surrender value continued the policy in force for one year and ninety-three days thereafter, after default in payment of the premiums. The insurance, as extended by the cash surrender value, expired before the death of the insured and this petitioner's liability thereupon terminated. It has been expressly decided by the Supreme Court of this state that under an exactly similar state of facts, on a policy of identical wording the insurance had

expired, and this petitioner was not liable. The United States District Court for Arkansas and the United States Circuit Court of Appeals for that circuit, 94 Fed. 2d 316, have, likewise, held that this petitioner would not be liable. The administrator realized that he could not recover upon the policy if suit be brought thereon in this state and went to the state of Mississippi and instituted a suit in the chancery court of that state, joining as party plaintiff the resident of New York to whom the partial assignment was made, and is insisting that this petitioner has no right to remove the case to the federal court because the residence of the partial assignee is the same as the residence of this petitioner.''

We have here a case in which the controlling facts are substantially identical with those stated in the opinion in the case of *Gulf Refining Co. of La.* v. *Haire,* 175 Ark. 1036, 1 S. W. 2d 76. The decision in the instant case must, therefore, be controlled by the opinion in the former case. In this case, as in that, a party—a corporation— not being an heir or a distributee nor a creditor, and who did not admit that it was a debtor, sought to question an order of the probate court discharging the administrator of an estate, because a suit was anticipated on account of the death of the administrator's intestate. The administrator was discharged on the petition of the intestate's father. The corporation moved the probate court to vacate the order discharging the administrator, on the ground that it had an interest in having a special representative ''who could give an acquittance on settlement or make claims of all beneficiaries *res judicata.*'' The probate court denied the motion, from which action the corporation appealed to the circuit court, where the motion was again denied.

The opinion in that case is so completely in point that we quote from it at length. It was there said: ''It is difficult to perceive what right appellant has to complain of the action of the probate court in discharging the administrator it had theretofore appointed, or of the action of the circuit court in affirming the judgment of the probate court in refusing to set aside its order discharging the administrator and his bondsmen. It does not claim to be

a creditor of the estate of the deceased, nor does it admit that it is a debtor of said estate. If it admitted that it was indebted to said estate on account of the injury and death of the said intestate, and did not know to whom to make payment of the amount due it, it might be in a different situation. The administrator is not complaining of the order of the court discharging him, and neither are the attorneys with whom the administrator entered into a contract to prosecute a suit against appellant for damages for the injury and death of said intestate, which was approved by the court. It is true that the father has brought an action against appellant to recover for such damages. If he is not the proper person to maintain the action, all questions pertaining thereto may be raised in the trial of that case. All questions sought to be raised by this appeal may be properly raised on the trial of the case wherein J. T. Haire has brought suit against appellant for damages, but they cannot be raised here. It did not have such an interest in the appointment of an administrator, being neither a debtor nor a creditor, as justified the court in making it a party to the controversy. The courts will not set aside judgments at the instance of one who is neither a proper nor a necessary party to the controversy and has no interest in the judgment. But, since it was so made a party, and appealed to the circuit court, the action of the circuit court in affirming the judgment of the probate court is affirmed.''

Here, no debtor, creditor, nor distributee, having an interest in the order confirming the sale of an interest in the policy, complains of that order. If and when suit is brought to trial upon the policy, to which the assignee of the $250 interest is a party, then, as was said in the opinion from which he have just quoted, ''If he is not the proper person to maintain the action, (or to be joined in its prosecution) all questions pertaining thereto may be raised in the trial of that case.''

We conclude, therefore, that it was error for the circuit court to quash the order of the probate court upon the motion of a party having no interest in the estate, and the judgment of the circuit court will itself be reversed and that judgment quashed, leaving to the court which

may finally try a suit on the insurance policy the determination of the question who are proper and necessary parties.